# CHARLESTON.

## C. L. BROWN *v.* E. W. BROWN *et als.*

Submitted October 15, 1921.   Decided October 25, 1921.

1. APPEAL AND ERROR—*Trustee Holding Legal Title May Prosecute When Right of His Cestui Que Trust are Affected.*

   A trustee holding the legal title to lands, or an interest in lands, has the right to prosecute an appeal from a decree affecting the rights of his *cestui que* trust.   (p. 341).

2. INJUNCTION—*Interest of Plaintiff as Affecting Grant of.*

   An injunction will not be granted where it appears that the interest of the plaintiff which is sought to be protected is very remote, and almost beyond the realm of possibility, and that to grant the relief would inflict great hardship upon the parties against whom it is sought.   (p. 342).

(MILLER, JUDGE, Absent).

Appeal from Circuit Court, Jackson County.

Suit by C. L. Brown against E. W. Brown and others. Motion to dissolve injunctions was overruled, and from the decree refusing to dissolve said injunctions, or either of them, this appeal is prosecuted.

*Reversed; Injunction dissolved; Remanded.*

*J. L. Wolfe* and *M. C. Archer,* for appellee.

*Charles G. Peters, Morton & Mohler, S. P. Bell* and *Sommerville & Sommerville,* for appellant.

RITZ, PRESIDENT:

Robert S. Brown died in the year 1891 leaving a considerable estate, consisting of real property, located in the county of Jackson, which by his will he provided should be divided among his three sons, each taking a life estate in the land assigned to him, with remainder to the heirs of his body lawfully begotten living at the time of his death; and should there be no such lawfully begotten heirs, then to the other two sons for their respective lives, with remainder to the heirs of their bodies. The defendant E. W. Brown, under the provisions of the will, received a tract of land containing several hundred acres. The plaintiff C. L. Brown was assigned a like tract of land adjoining that of E. W. Brown, and the other brother, W. J. Brown, took the remainder of the land. This controversy arises out of an attempt of E. W. Brown and his children to dispose of part of the land devised to them.

The bill avers that E. W. Brown has nine living children, all of whom are adults, and most of whom are married and have children. It appears that sometime since E. W. Brown, together with his children, secured a loan of $12,000.00 from the Virginian Joint Stock Land Bank, and executed a mortgage to secure the payment of the same. This debt was not paid and suit was brought in the circuit court of Jackson county for the purpose of subjecting the said real estate to sale in satisfaction of said lien. Pending this suit E. W. Brown and his children entered into a contract with the Bowman Land Company by which that company agreed to lay off in town lots a small part of the said land consisting of 25 to 40 acres, and sell the same for a sufficient sum of money to pay off all the liens, the said E. W. Brown and his children agreeing to convey the same to the purchasers by deeds with covenants of general warranty. The Bowman Land Company, acting under this contract, went upon the land and laid off the tract proposed to be sold into lots, streets and alleys, and advertised a sale of the same to be made at public auction. The plaintiff then filed his bill in the circuit court of Jackson county averring that he is a brother of the said

defendant E. W. Brown, and that as such he has a contingent remainder in the said land, which will become vested in case E. W. Brown survives all of his descendants; and also averring that E. W. Brown has cut some timber off of said land, and was then committing waste thereon by cutting saplings and removing the same; and prayed that the said E. W. Brown and his nine children, who are made defendants to the bill, be enjoined from making any sale of the land in parcels, but that any sale made by them be limited to their interest in the whole tract; and that said E. W. Brown also be enjoined from committing any acts of waste upon said land by cutting or removing the timber therefrom, which injunction was granted, and was afterward extended to include a larger territory upon an amended bill being filed. The defendant E. W. Brown, upon notice to the plaintiff, moved the circuit court of Jackson county in session, on the 24th of August, 1921, to dissolve the injunctions granted as aforesaid, which motion the court overruled, and from the decree refusing to dissolve said injunctions, or either of them, this appeal is prosecuted.

It is first insisted that we should not entertain the appeal for the reason that E. W. Brown does not appear to have such an interest in the subject matter as warrants him in prosecuting the same. It appears that under the will of his father E. W. Brown took a life estate in the tract of land, a small part of which is involved here, with the remainder to the heirs of his body surviving him; and, in case he died without having surviving heirs of his body, then the same should go to the plaintiff C. L. Brown and his brother W. J. Brown for their lives, with remainder to the heirs of their bodies surviving them. Sometime since the defendant E. W. Brown made a deed attempting to convey his life estate to his wife, and it is contended that because of this deed he has no such interest remaining as justifies him in prosecuting this appeal. It is quite well settled in this jurisdiction that by the deed conveying his estate direct to his wife he parted with his entire equitable interest in the property, but the legal title thereto still remains in him. He is a trustee holding that legal title for the benefit of the owners of the equita-

ble estate. It is true, he is a naked trustee, but an action of unlawful detainer to recover possession of the property would have to be instituted in his name because the legal title is in him. A trustee in a deed of trust without any interest whatever in the subject matter may prosecute an appeal for the purpose of vindicating the rights of his *cestui que* trust. *Hall* v. *The Bank of Virginia*, 14 W. Va. 584; 3 C. J. 656. E. W. Brown has just as much interest in the subject matter here as the trustee in such a deed of trust. It is true he cannot sell the property and cannot convey the legal title without the authority of the *cestui que* trust, neither can the trustee in a deed of trust given to secure a debt, but he has the right and, under some circumstances it may become his duty, to prosecute such legal proceedings as may be necessary and appropriate to vindicate the. rights of the *cestui que* trust.

It is further insisted that the motion to dissolve the injunctions was properly overruled, for the reason that none of the defendants answered the bill except E. W. Brown, and that the court should not dissolve the temporary injunctions upon the answer of one joint defendant. This might be entirely true if the motion to dissolve was based upon the denial of the allegations of the bills. The motion here, however, is based upon the insufficiency of the bills for the granting of the injunctions. If it should turn out that the injunctions should not have been granted in the first instance, they should be dissolved upon the motion of any proper party to the suit.

And this brings us to a consideration of the substantial question involved, and that is, whether from the bill it appears that the plaintiff C. L. Brown is likely to suffer any injury from the acts complained of, such as will justify injunctions against the defendants at his instance. It is quite true that a court of equity will in some instances enjoin the commission of waste at the suit of a contingent remainderman, but it must be borne in mind that courts of equity will not make use of the extraordinary writ of injunction to preserve mere doubtful or possible rights. There must be some reasonable apprehension of loss to the plaintiff before the

court will interfere. High on Injunctions, §§ 9 and 10; Joyce on Injunctions, §§ 17 and 24; 14 R. C. L., title "Injunctions" § 57. Upon the facts in this case, does C. L. Brown have such a contingent interest as justifies the interposition of a court of equity to prevent E. W. Brown and his children from dealing with their estate? It appears that E. W. Brown is now sixty-six years of age; that he has nine living children, all of whom are adults, and most of whom are married and have children. The only possible contingency upon which C. L. Brown can ever have any interest in this property is that E. W. Brown will outlive all of his nine children, and all of his numerous grandchildren or great grandchildren, should any be born prior to his death. To enjoin E. W. Brown and his children from cutting up part of this land into town lots and selling the same, it sufficiently appears, would work serious injury to them. By the onward march of progress part of the property has become valuable as urban real estate, and from a few acres of it enough money can be realized to discharge all of the liens against the whole tract of land. The plaintiff seeks to prevent the accomplishment of this purpose, and why? Because, as he says, he wants to keep the large landed estate of his father in the same condition that it was when his father died, so that it might pass on to himself in the possible contingency that his brother E. W. Brown will survive all of his children and grandchildren, and he survive that brother, and then pass it on to his only daughter as an entire estate. Such sentimental reasons may have weight with particular individuals, but they do not justify a court of equity in inflicting a serious inconvenience and injury upon other interested parties. We are of opinion that the possibility of injury to C. L. Brown, from the acts complained of, is so remote and so inconsequential if he should ever become vested with any interest, and the injury to E. W. Brown and his children would be so substantial that a court of equity would not be warranted in granting any relief upon the bills filed.

We will, therefore, dissolve the injunctions and remand

the cause to the circuit court of Jackson county with instructions to dismiss the bills.

*Reversed; Injunction dissolved; Remanded.*